09-4722-cv
Lukasiewcz-Kruk v. Tse

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of November, two thousand ten.

PRESENT:
    ROSEMARY S. POOLER,
    BARRINGTON D. PARKER,
    RICHARD C. WESLEY,
        *Circuit Judges*.

_____

Monika Lukasiewicz-Kruk,

        *Plaintiff-Appellant*,

    v.                                          09-4722-cv

Greenpoint YMCA, and YMCA of Greater NY,

        *Defendants-Appellees*.

_____

FOR APPELLANT:         Monika Lukasiewicz-Kruk, *pro se*, Middle Village, NY.

FOR APPELLEES:         Lori Diane Bauer, Jackson Lewis LLP, New York, NY.


    Appeal from a judgment of the United States District Court

for the Eastern District of New York (Ross, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Appellant Monika Lukasiewicz-Kruk, *pro se*, appeals the district court's judgment granting the motion of the Greenpoint YMCA and the YMCA of Greater New York (collectively, the "YMCA") for summary judgment and dismissing her employment discrimination complaint. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review an order granting summary judgment *de novo* and ask whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (quotation marks omitted). However, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. State of New York*, 316 F.3d 93, 100 (2d Cir. 2002).

Having conducted an independent and *de novo* review of the record in light of these principles, we affirm the district

2

court's judgment for substantially the same reasons stated by the district court in its thorough and well-reasoned decision. The district court's decision is not undermined by the argument in Lukasiewicz-Kruk's brief that, in granting the YMCA's summary judgment motion, the court failed to mention various factual allegations. A majority of these allegations involve conduct allegedly engaged in by Loretta Trapani, and, as the district court concluded, there is no evidence in the record that Trapani was involved in the adverse employment actions at issue. Additionally, several allegations relate to Lukasiewicz-Kruk's qualifications for the Associate Executive Director position. However, the district court properly concluded that Lukasiewicz-Kruk's credentials were not "so superior to the credentials of the person selected for the job that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question." *See Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 103 (2d Cir. 2001) (internal quotation marks omitted).

Lukasiewicz-Kruk also argues that the district court erred in declining to apply the continuing violation theory to her time-barred claims, because "prior acts might be offered as background in support of acts upon which a timely claim is based," and because the YMCA's failure to promote her and decision to terminate her was based on subjective criteria. However, it is not clear how these contentions establish the

3

existence of a continuing violation.  Recovery for discrete acts of discrimination that occur outside of the applicable limitations period is precluded, even if the acts are related to acts alleged in timely filed charges.  *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).  Moreover, Lukasiewicz-Kruk has not established the existence of a discriminatory policy or mechanism, which is required under the continuing violation theory.  *See Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 765 (2d Cir. 1998).

We have considered Lukasiewicz-Kruk's other arguments on appeal and have found them to be without merit.  Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4